THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANDRAE T. DANCY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-cv-0965-MJR-DGW |
| | ) | |
| JACK'S PREMIUM CAR WASH AND | ) | |
| OIL LUBE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM and ORDER**

**REAGAN, District Judge:**

**I. Introduction and Procedural Background**

The Motion to Dismiss and Strike Plaintiff's Third Amended Complaint (Doc. 18) filed by defendant Jack's Premium Car Wash and Oil Lube, LLC ("Jack's") is before the Court. Plaintiff Andrae T. Dancy ("Dancy") has filed a response (Doc. 23). Jack's has filed a reply (Doc. 24). For the reasons discussed, the Court finds that Jack's motion should be denied in part and granted in part.

In November, 2009, Plaintiff Andrae T. Dancy, then proceeding *pro se*, filed suit in the District Court of the Southern District of Illinois, alleging employment discrimination due to race, in violation of Section 703(a) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) (2006), and employment discrimination based on disability in violation of Section 102 of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112(a) (Doc. 1). On November 23, 2009, Dancy filed his First Amended Complaint requesting jury trial (Doc. 4). On April 27, 2010, with

1

assistance of counsel, Dancy filed his Second Amended Complaint, adding claims based on: the Civil Rights Act of 1991, 42 U.S.C. § 1981(a), 42 U.S.C. § 1988; the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b); the Illinois Minimum Wage Law (IMWL), 820 ILSC 105/4(a)(1); and the Illinois Wage and Collection Act, 820 ILCS 115/ et seq. (Doc. 12). In response, Jack's filed a Motion to Dismiss and Strike Plaintiff's Second Amended Complaint (Doc. 15). On June 22, 2010, Dancy filed a Third Amended Complaint in lieu of filing a Reply to Jack's Motion to Dismiss and Strike (Doc. 17). Jack's then filed a Motion to Dismiss and Strike five of Dancy's seven counts pursuant to Federal Rule of Civil Procedure 12(b)(6) (Docs. 18 and 19).

The motion to dismiss has been fully briefed by the parties, and the Court now rules as follows.

## II. Applicable Legal Standards

Dismissal is warranted under Rule 12(b)(6) if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." ***Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *EEOC v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 (7th Cir. 2007).** In making this assessment, the District Court accepts as true all well-pled factual allegations and draws all reasonable inferences in the plaintiff's favor. ***Tricontinental Industries, Inc., Ltd. v. Price Waterhouse Coopers, LLP,* 475 F.3d 824, 833 (7th Cir. 2007); *Marshall v. Knight,* 445 F.3d 965, 969 (7th Cir. 2006).** Although federal complaints need only plead claims (not facts), the pleading regime created by *Bell Atlantic* requires the complaint to allege a plausible theory of liability against the defendant. ***Sheridan v. Marathon Petroleum Co., LLC,* 530 F.3d 590, 596 (7th Cir. 2008); s*ee also Limestone Dev. Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803-804 (7th Cir. 2008).**

In *Tamayo v. Blagojevich,* 526 F.3d 1074, 1083 (7th Cir. 2008), the Court of Appeals for the Seventh Circuit emphasized that even though *Bell Atlantic* "retooled federal pleading standards," notice pleading is still all that is required. "A plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Id. Accord Pugh v. Tribune Co.,* **521 F.3d 686, 699 (7th Cir. 2008) (the allegations "must be enough to raise a right to relief above the speculative level").**

Under that minimal pleading standard, "in order to prevent dismissal under Rule 12(b)(6), a complaint alleging [employment] discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her [protected status]." ***Tamayo, 526 F.3d.* at 1084.** "[O]nce a plaintiff alleging illegal discrimination has clarified that it is on the basis of her [protected status], there is no further information that is both easy to provide and of clear critical importance to the claim." ***EEOC v. Concentra Health Servs., Inc.,* 496 F.3d 773, 782 (7th Cir. 2007).**

### III. Analysis

A.  *Plaintiff has Exhausted his Administrative Remedies*

Before a plaintiff may assert a claim under the Americans with Disabilities Act (ADA) or Title VII in federal court, he must file a timely charge with the EEOC detailing the discriminatory conduct and receive authorization from the EEOC to file a civil action (called a right-to-sue letter). **42 U.S.C. §§ 2000e-5(b), (f);** *Conner v. Ill. Dep't Nat. Res.,* **413 F.3d 675, 680 (7th Cir. 2005).** Once the plaintiff files a timely charge with the EEOC, the statute provides that the EEOC "shall" investigate the charge and make a reasonable cause determination no later

than 120 days from the filing of the charge. **42 U.S.C. § 2000e-5(b).** The statute also directs the EEOC to issue the right-to-sue letter if it dismisses the charge or 180 days have elapsed from the filing of the charge and the EEOC has not entered into a conciliation agreement or filed a civil action. **42 U.S.C. § 2000e-5(f)(1).** Once the right-to-sue notice is given, the aggrieved party has 90 days to institute suit. *Id.* In addition, the EEOC has promulgated a regulation that permits it to issue an early right-to-sue letter before 180 days has elapsed if: (1) the aggrieved party submits a written request for the early notice, and (2) an appropriate EEOC official determines "that it is probable that the Commission will be unable to complete its administrative processing of the charge within 180 days from the filing of the charge and has attached a written certificate to that effect." **29 C.F.R. § 1601.28(a)(2).** *Krause v. Turnberry Country Club*, **571 F. Supp. 2d 851, 858 (N.D. Ill. 2008).**

Dancy alleges that he was interviewed by an EEOC investigator on September 8, 2009 (Doc. 17, ¶ 6). After insisting upon filing a Charge of Discrimination, the investigator drafted a charge and then issued Dancy an immediate Dismissal and right-to-sue letter, which is dated September 18, 2009 (Doc. 17, ¶ ¶ 6-7; Doc. 1-1, p. 3). Dancy attached the right-to-sue letter to his Complaint pursuant to 29 C.F.R. § 1601.28(a)(2) (Doc. 1-1). Jack's provides two arguments in support of its position that Dancy failed to exhaust his administrative remedies for Counts I and II, the ADA and Title VII discrimination claims, before filing the current action (Doc. 19).

First, Jack's contends the issuance of a right-to-sue letter prior to the expiration of the 180 day period set forth in Section 2000e-5(f)(1) is invalid, as in conflict with Title VII and the ADA (Doc. 19). As discussed above, Title VII authorizes the EEOC to issue a right-to-sue

letter when the EEOC either dismisses the charges filed or if, within 180 days from the filing of the charge, the EEOC has not filed a civil action or entered into a conciliation agreement. **42 U.S.C. § 2000e-5(f)(1).** Moreover, the EEOC regulation permits an early right-to-sue notice to be issued before the expiration of the 180-day period if it is probable "that it will be unable to complete its processing of the charge within 180 days from the filing of the charge and has attached a written certificate to that effect." **29 C.F.R. § 1601.28(a)(2).**

Courts have engaged in considerable discussion regarding the validity of C.F.R. § 1601.28(a)(2). While the Seventh Circuit has not yet addressed the issue, three Circuits have upheld this regulation as consistent with statutory policy, and have permitted Title VII actions to go forward before the expiration of the 180-day period. *See Walker v. United Parcel Serv.,* **240 F.3d 1268, 1277 (10th Cir. 2001);** *Sims v. Trus Joist MacMillan,* **22 F.3d 1059 (11th Cir. 1994);** *Brown v. Puget Sound Elec. Apprenticeship & Training Trust,* **732 F.2d 726 (9th Cir. 1984).** In contrast, one Circuit has taken the opposite position, finding the regulation violates Congress' intent that the EEOC retain primary jurisdiction over a claim for 180 days. *Martini v. Federal National Mortgage Association*, **178 F.3d 1336 (D.C. Cir. 1999).**

Courts in the Northern District of Illinois have also had occasion to address the validity of 29 C.F.R. § 1601.28(a)(2) and early right-to-sue letters and have upheld the regulation. *See Ravenscraft v. BNP Media, Inc*., **No. 09 C 6617, 2010 WL 1541455, at *4 (N.D. Ill. 2010);** *Krause v. Turnberry Country Club, JMB,* **571 F. Supp. 2d 851, 860 (N.D. Ill. 2008);** *Berry v. Delta Air Lines, Inc.,* **75 F. Supp. 2d 890, 890–93 (N.D. Ill. 1999);** *Baker v. Gardner, Carton & Douglas,* **No. 97 C 2649, 1997 WL 78712, at \*1–2, (N.D. Ill. 1997);** *Martinez v. Labelmaster,* **No. 96 C 4189, 1996 WL 580893, \*1–6 (N.D. Ill. 1996);** *Rolark v. Univ. of Chicago Hosp.,* **688**

F. Supp. 401, 402–04 (N.D. Ill. 1988); *see also King v. Dunn Mem'l Hosp.*, 120 F. Supp. 2d 752, 755 (S.D. Ind. 2000) (finding EEOC could issue right to sue letter ten days after receipt of complaint alleging violation of the ADA). Following the weight of the Circuits and the reasoning presented in those cases, in addition to those provided within the Northern District of Illinois, this Court concludes that 29 C.F.R. § 1601.28(a)(2) is not invalid, as it does not conflict with Title VII or the ADA. Put succinctly, Section 2000e-5(f)(1) ties the 180-day period to inaction; 29 C.F.R. § 1601.28(a) merely offers a method for shortening a Commission-certified delay. Dancy has fulfilled the conditions precedent by receiving his EEOC right-to-sue letter and subsequently filing this lawsuit within 90 days of receipt. Therefore, the Court finds that dismissal on this ground is not proper.

Second, Jack's urges the Court to dismiss Counts I and II because Dancy failed to attach the written certification to his Third Amended Complaint pursuant to 29 C.F.R. § 1601.28(a)(2). As previously stated, the EEOC may issue an early right to sue letter before 180 days has lapsed if: (1) the aggrieved party submits a written request for the early notice, and (2) an appropriate EEOC official determines "that it is probable that the Commission will be unable to complete its administrative processing of the charge within 180 days from the filing of the charge and has attached a written certificate to that effect." **29 C.F.R. § 1601.28(a)(2).**

Although Jack's has some support for this argument, the Seventh Circuit has not yet addressed this issue. *Shepard v. United States Olympic Committee*, 94 F. Supp. 2d 1136, 1145 (D. Colo. 2000). The Tenth Circuit has held that the EEOC's failure to attach a written certificate to the early right-to-sue notice for an employee's Title VII claim did not warrant dismissal of the claim. *Walker,* 240 F.3d at 1273. Similarly, the Northern and Central Districts

of Illinois have held that a plaintiff's failure to attach a right-to-sue letter to the complaint is not fatal. ***Krause*, 571 F. Supp. 2d at 859 ("Although Title VII requires that a claimant be notified of her right-to-sue before filing a complaint, it does not state any requirement that a plaintiff attach the right-to-sue letter to her complaint.");** *see also **Raymond v. City of Chicago,* 183 F. Supp. 2d 1060, 1066 n. 3 (N.D. Ill. 2002); *Frazier v. Harris,* 266 F. Supp. 2d 853, 874–75 (C.D. Ill. 2003) (a party is not required to attach documents such as the charge of discrimination; she needs only to plead generally that she has complied with EEOC procedures).**

In response to Defendant Jack's motion to dismiss and in an attempt to remedy this defect, Dancy attaches an affidavit issued by an EEOC Custodian of Records (Doc. 17). However, when deciding the merits of the motion to dismiss, the Court may not consider the affidavit as the Court is not converting the motion to dismiss as one for summary judgment. *See* **Federal Rule of Civil Procedure 12(d);** *Tate v. Ancell***, No. 08-0200, 2009 WL 513751, at \*1 n.1 (S.D. Ill. 2009).** But despite this fact, the Court, following the Tenth Circuit and the courts within Illinois' Northern and Central Districts, finds Dancy's failure to attach written certification pursuant to Section 1601.28(a)(2) does not warrant dismissal of his claims. For these reasons, and because Dancy did attach his right-to-sue letter, Counts I and II are not dismissed.

### B. *Plaintiff Failed to State a Claim under 42 U.S.C. § 1981*

Section 1981 addresses racial discrimination in contractual relationships. As amended by the Civil Rights Act of 1991, the statute reads in part:

> (a) All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts ... as enjoyed by white citizens....

(b) For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship.

(c) The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

**42 U.S.C. § 1981(a)–(c).**

Section 1981 prohibits discrimination on the basis of race in the making and enforcing contracts, including employment contracts. ***Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454 (1975).** To state a claim under Section 1981, Plaintiff must show that (1) he is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination interfered with a protected activity under Section 1981, including the right to make and enforce contracts. ***Morris v. Office Max, Inc.,* 89 F.3d 411, 413 (7th Cir. 1996); *Pourghoraishi v. Flying J, Inc.,* 449 F.3d 751, 756 (7th Cir. 2006).**

Defendant Jack's argues the Section 1981 claim must be dismissed because Dancy fails to make any reference to his race (Doc. 19). Instead, Dancy alleges he was, "treated differently with regard to the terms and conditions of his employment because of his race" and this conduct "demonstrated [Jack's] callous disregard for Plaintiff's rights to be free from employment decisions based on race" (Doc. 17, ¶¶ 47, 48). In response, Dancy urges this Court to consider the complaint as a whole; specifically, the allegations contained in Paragraphs 37–44. In those paragraphs, which support his claim for Title VII discrimination based on race, Dancy alleges he: (1) is black; (2) was terminated by Jack's on September 8, 2009; (3) was told the reason for termination was for economic reasons; and (4) was replaced by Kevin Essington, a white male (Doc. 17, ¶¶ 37–40).

8

At this stage in the pleadings, the Court finds that Dancy has failed to allege sufficient facts to state a cause of action under Section 1981. In addition to the failure to identify a contractual relationship impaired by Jack's, Dancy has not asserted that Jack's discriminated against him, in whole or in part because he is black (Doc. 17, ¶¶ 46–49). However, in recognition of the complaint as a whole, and because there is a clear demonstration this defect can easily be cured, the Court will allow Dancy with leave to amend. ***See Leavell v. Illinois Dept. of Natural Resources*, 600 F.3d 798, 808 (7th Cir. 2010) (noting the dismissal might classify as 'without prejudice' if Plaintiff had suggested any way that she might amend her pleading to cure the deficiency).** Thus, the Court determines that Count III of Dancy's complaint should be dismissed without prejudice.

*C. Dancy's Requests for Damages is Within the Proper Limitation Period*

The Fair Labor Standards Act (FLSA), provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." **29 U.S.C. § 207(a)(1).** An employer can violate this provision of the FLSA even if it did not direct or require unpaid overtime work; it is enough if the employer knew about the overtime work and permitted it to go on without paying for it. *See* **29 U.S.C. § 203(g).** Similarly, the Illinois Minimum Wage Law (IMWL), provides a state-law counterpart. **820 ILCS 105/4.** A two-year statute of limitations applies to claims for unpaid overtime wages under the FLSA and IMWL. **20 U.S.C. § 255; ILCS 105/12(a).** Those limitation periods are extended to three years for willful violations. *Id.*

Defendant Jack's contends Count IV under the FLSA must be dismissed because Dancy: (1) seeks damages in excess of the maximum three-year statute of limitations; and (2) includes a prayer for injunctive relief, which is not authorized or permitted under the Act (Doc. 19). In response, Dancy does not dispute that injunctive relief is not authorized under the FLSA and thus, voluntarily withdraws that request (Doc. 23). However, with regard to seeking damages in excess to the maximum three-year limitation period, Dancy notes that Paragraphs 51 and 61, as amended, seek damages "during the three years prior to Plaintiff's filing of this suit (Docs. 23, 17). Because Dancy cured this mistake in his Third Amended Complaint, there is no further disagreement between the parties on this legal principle. Similarly, Jack's contends Count V under the IMWL should be dismissed because Dancy seeks damages in excess of the maximum three-year statute of limitations. However, this error has been corrected for the reasons stated above (Docs. 23, 17). Accordingly, Dancy has pleaded plausible claims under the FLSA and IMWL; therefore, Counts IV and V will not be dismissed.

### IV. Conclusion

Based on the foregoing, it is hereby **ORDERED** that Defendant's Motion to Dismiss the Third Amended Complaint (Doc. 18) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Defendant's motion to dismiss is **DENIED** as to Counts I, II, IV, and V.

2. Defendant's motion to dismiss is **GRANTED** as to Count III, albeit without prejudice and with leave to amend.

It is further **ORDERED** that, on or before **April 1, 2011**, Plaintiff Dancy shall file an amended complaint.  **If Plaintiff fails to timely file an amended complaint, the dismissal of Count III will automatically be deemed to be with prejudice.**

**IT IS SO ORDERED.**

**DATED:  March 16, 2011**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**